UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN MADRIGAL VILLALOBOS (A-Number: 200-147-838),

        Petitioner,

    v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

        Respondent.

Case No.  1:26-cv-2719-DJC-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Juan Madrigal Villalobos, a citizen of Mexico, entered the United States prior to 2001 without being admitted or paroled after inspection by an immigration officer.  Petitioner is subject to a final order of removal, and his request for withholding of removal was recently denied and is on appeal to the BIA.  After being released on supervised release, petitioner was re-detained by ICE in August 2025.  Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his re-detention violates the Fifth Amendment and federal regulations.  For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

1

**Background**

Petitioner entered the United States in 1997. ECF No. 9 at 55. He concedes that he is "subject to a final order of removal. . . ."[1] ECF No. 1 at 3. In September 2018, petitioner was taken into custody by ICE after serving a sentence for illegally reentering the United States. ECF No. 9 at 13. He raised a credible fear of return to Mexico, and ICE placed petitioner into withholding only immigration court proceedings.[2] *Id.* In March 2019, petitioner was released by ICE on an order of supervision and a bond of $3000. *Id.* at 57.

At petitioner's immigration check-in on August 27, 2025, ICE revoked petitioner's release and re-detained him. ECF No. 9 at 12, 68. Respondent provided petitioner a Notice of Revocation of Release that asserted that petitioner violated the conditions of his alternatives to detention program on February 5, June 10, and December 26, 2024. ECF No. 9 at 68. Respondent has filed a computer print-out listing three violations: a missed "self-report check-in" in February 2024; the failure to be home for a visit in June 2024; and a successful check-in with ICE when petitioner was "outside zone" in December 2024. *Id.* at 65. There is no indication that ICE provided this print-out to petitioner in August 2025 when he was re-detained.

Petitioner has remained detained since August 27, 2025. ECF No. 1 at 2. Petitioner continues to pursue withholding of removal in immigration court. ECF No. 9 at 71. An immigration judge denied withholding of removal on April 1, 2026. *See id.* at 72. Petitioner appealed that determination to the BIA on April 15, 2026, and the appeal remains pending. *See id.* at 75.

**Procedural History**

On April 10, 2026, petitioner filed a pro se petition for writ of habeas corpus. ECF No. 1. Respondent filed an answer on April 28, 2026. ECF No. 9. I appointed counsel on May 1, 2026,

---

[1] Petitioner's immigration history is complicated and includes an *in absentia* removal order that was later vacated. ECF No. 9 at 52-55. Documents indicate that the operative final removal order is from September 2018 and that it reinstated a prior order of removal. *Id.* at 13, 57, 62. The parties do not dispute that petitioner has been ordered removed.

[2] The initiation of withholding proceedings neither alters the applicable detention authority nor does it "render non-final" petitioner's "reinstated order of removal." *See Johnson v. Guzman Chavez*, 594 U.S. 523, 540 (2021).

2

and appointed counsel appeared on May 8, 2026.  ECF Nos. 10 & 12.  Petitioner, through counsel, filed a supplemental traverse on May 21, 2026.  ECF No. 16.  Respondent filed a response to the supplemental traverse on May 27, 2026.  ECF No. 18.  After I ordered supplemental briefing, the parties filed additional briefs on June 18, 2026, and June 23, 2026.  *See* ECF Nos. 20-24.  The matter is now submitted.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his prolonged detention without a bond hearing violates the law.  ECF No. 1 at 7.  In analyzing petitioner's challenge to his detention, the court must first identify the statutory provision that confers authority for his detention.  *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540-DC-CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026).  Respondent argues that petitioner's detention is mandatory under 8 U.S.C. § 1231(a)(6), because he is being held for removal and is "unlikely to comply with the order of removal."  ECF No. 9 at 1.

Although petitioner's pro se petition argued that his re-detention in August 2025 without a pre-deprivation hearing violated procedural due process, ECF No. 1 at 4-5, his counseled supplemental traverse confirms that this case is properly analyzed as a post-removal-order prolonged detention claim under *Zadvydas*.  *See* ECF No. 16 at 1 ("The Due Process Clause

continues to apply to immigration detention, including detention under 1231(a)(6).").  Petitioner also challenges his ongoing detention based on ICE's failure to follow its own regulations in revoking his supervised release.  *See* ECF No. 1 at 7-8.  I will address each of these challenges in turn.

Section 1231 provides for detention of noncitizens who are subject to reinstated orders of removal and pursuing withholding of removal based on fear of persecution.  *See Johnson v. Guzman Chavez*, 594 U.S. 523 (2021).  This is true even where, as here, the immigration court's decision denying withholding of removal is on appeal to the BIA.  *Id.* at 539.  Accordingly, petitioner is subject to an administratively final, valid order of removal, and he is being detained by respondent under section 1231(a)(6).

In *Zadvydas*, 533 U.S. 678, the Supreme Court considered the petitions of two noncitizens who challenged the constitutionality of their section 1231(a)(6) detentions.  Because no country was willing to accept them, the government continued to detain them for years after the expiration of section 1231(a)(1)'s 90-day removal period.  *Id*. at 684-86.  In *Zadvydas*, the Supreme Court reasoned that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem" under the Fifth Amendment's Due Process Clause.  *Id*. at 690.

Applying the constitutional avoidance doctrine to avoid this potential problem, *Zadvydas* held that section 1231(a)(6), "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal" and "does not permit indefinite detention."  *Id*. at 689.  *Zadvydas* then concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by [section 1231(a)(6)]."  *Id*. at 699.

Petitioner has been detained since August 2025 on the order of removal.  ECF No. 9 at 13.  Petitioner's application for withholding of removal to Mexico, now on appeal to the BIA, "does not stand in the way of removal to a third country."  *Johnson*, 594 U.S. at 546.  Respondent concedes that petitioner has been detained beyond the six months that were deemed presumptively reasonable in *Zadvydas*.  ECF No. 9 at 5 (". . . Petitioner in the present case has been detained for over six months . . . .");  ECF No. 21 at 1.

4

As petitioner has been detained beyond the presumptively reasonable six months, to obtain habeas relief under *Zadvydas*, he must sustain his burden of showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Petitioner does not provide any evidence to sustain this burden. *See* ECF No. 16. Rather, petitioner attempts to immediately shift the burden to respondent, arguing that respondent has not set forth the "expected timing of BIA adjudication; travel document availability; logistical removal arrangements; or any concrete evidence showing removal is imminent." *Id*. at 4. However, the burden-shifting procedure set forth by *Zadvydas* requires petitioner to make his showing first with some kind of evidence that gives the court good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See, e.g.*, *Nguyen v. Scott*, 796 F. Supp. 3d 703, 722-23 (W.D. Wash. 2025) (petitioner met burden with declarations); *Pham v. Warden*, No. 1:25-CV-01873-DC-AC (HC), 2026 WL 849861 (E.D. Cal. Mar. 27, 2026) (petitioner met burden based on government's prior unsuccessful attempts to remove him).

Here, petitioner has not provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701. In fact, petitioner was already removed to Mexico once prior to 2018. ECF No. 9 at 17. On this record, petitioner has not met his burden under *Zadvydas*, and I recommend that his *Zadvydas* due process claim be denied.

In addition to the *Zadvydas* claim, petitioner challenges his re-detention based on ICE's failure to comply with its own regulations regarding the revocation of his release. ECF No. 1 at 7; ECF No. 16 at 3. Petitioner alleges, "No reason for my re-detaining was giving to me on August 27, 2025." ECF No. 1 at 2. Petitioner also alleges that he was not provided an "initial informal interview" promptly upon his re-detention, in violation of the regulations governing the revocation of his release. ECF No. 1 at 7. In his pro se traverse, petitioner alleges that "no Custody Review has been provided at any stage of the § 241.4 process after the revocation of release on August 27, 2025." ECF No. 14 at 5.

In response, respondent attaches a copy of the Notice of Revocation of Release, ECF No.

9 at 68-69, but provides no argument or evidence to counter petitioner's verified statement that no custody reviews have been conducted since his re-detention in August 2025.[3]  *See* ECF No. 9 at 1-9.  The government's Notice states that petitioner's release was revoked for "ATD violation on February 5, 2024, June 10, 2024 and December 26, 2024."  ECF No. 9 at 68.  A deportation officer certified that he served petitioner with a copy of the document on the day he was re-detained.  *Id.* at 69.  Petitioner's signature is not on the document, which states "RtS" on the line for his signature, presumably indicating that petitioner "refused to sign" the document."  *See id.*  There are no exhibits regarding the necessary reviews.

Government agencies are required to follow their own regulations.  *United States ex rel Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).  If a noncitizen is not removed by ICE during the 90-day removal period, "pending removal, [he] shall be subject to supervision under regulations prescribed by the Attorney General."  8 U.S.C. § 1231(a)(3); *see also* 8 C.F.R. § 241.5(a) (setting conditions to be included in an order of supervision).  In some cases, noncitizens who are "determined . . . to be a risk to the community or unlikely to comply with the order of removal, . . . may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)."  8 U.S.C. § 1231(a)(6).  ICE must follow the regulations set forth in 8 C.F.R. § 241.4 for the process afforded to noncitizens held under section 1231(a)(6).

Petitioner alleges that ICE has not followed the regulations in 8 C.F.R. § 241.4 with respect to his detention.[4]  It appears that ICE provided petitioner notice of the "reasons for revocation of his . . . release," ECF No. 9 at 68-69, but that is where ICE's compliance with the

---

[3] "A court 'may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit.'"  *Vu v. Noem*, No. 1:25-cv-1366-KES-SKO, 2025 WL 3114341, at *1 n.3 (E.D. Cal. Nov. 6, 2025) (alteration in original) (quoting *L. v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003)).

[4] Petitioner first alleged that the government had failed to comply with either 8 C.F.R. § 241.13 or § 241.4.  ECF No. 1 at 6.  Section 241.4 applies to revocation of post-removal-order release, except when ICE has "made a determination . . . that there is no significant likelihood that an alien under a final order of removal can be removed in the reasonably foreseeable future."  8 C.F.R. § 241.4(b)(4).  When ICE has made such a determination, section 241.13 applies to the revocation of release.  *Id.*  As ICE has not made such a determination for petitioner, the procedures of section 241.4 apply to his case.

6

regulation started and ended.  Petitioner specifically alleges that ICE has not conducted the required custody reviews, and respondent has not contested that allegation.  To be sure, not every procedural misstep raises a constitutional issue.  *See Matias v. Sessions*, 871 F.3d 65, 72 (1st Cir. 2017) (involving an inaccurate translation).  However, where an immigration regulation like section 241.4 "is promulgated to protect a fundamental right derived from the Constitution or a federal statute," like the opportunity to be heard, "and [ICE] fails to adhere to it, the challenged [action] is invalid. . . ."  *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (quoting *Waldron v. I.N.S.*, 17 F.3d 511, 518 (2d Cir. 1993)); *see also Ying Fong v. Ashcroft*, 317 F.Supp.2d 398, 403-04 (S.D.N.Y. 2004) (granting noncitizen's habeas petition where she was deported fewer than 72 hours after her arrest in violation of the regulation-mandated 72-hour rule).

The Supreme Court has recognized that an "alien may no doubt be returned to custody upon a violation of [supervision] conditions," *Zadvydas*, 533 U.S. at 700, but it has never given ICE the authority to re-detain someone without basic due process protections.  Under 8 C.F.R. § 241.4(l)(1), ICE must afford a re-detainee "an initial informal interview promptly after his or her return to Service custody to afford [them] an opportunity to respond to the reasons for revocation stated in the notification."  ICE's Notice of Revocation of Release told petitioner that he would "promptly be afforded an informal interview at which [he would] be given an opportunity to respond to the reasons for the revocation."  ECF No. 9 at 68.  I find that petitioner was not provided such a review.

Further, under 8 C.F.R. § 241.1(l)(3), ICE also owed petitioner a custody review "within approximately three months after release was revoked."  The custody review would have included "a final evaluation of any contested facts relevant to the revocation and a determination of whether the facts as determined warrant revocation and further denial of release."  *Id.*  ICE's Notice of Revocation of Release told petitioner that if he was not released, he would "receive a notification of a new review, which will occur within approximately three months of the date of that notice," August 27, 2025.  Petitioner was not provided such a review.

ICE's failure to comply with its own regulations renders petitioner's continued detention

unlawful and violates his due process rights.  When the government has not disputed a petitioner's assertion that ICE never provided an informal interview, multiple courts, including several in this District, have found this violation to be sufficient grounds for habeas relief and have ordered the petitioner's immediate release.  *Nguyen v. Andrews*, No. 1:26-cv-0015 DAD-SCR, 2026 WL 263058, at *4 (E.D. Cal. Feb. 2, 2026), *report and recommendation adopted*, 2026 WL 412183 (E.D. Cal. Feb. 13, 2026); *Phan v. Beccerra*, No. 2:25-cv-1757-DC-JDP, 2025 WL 1993735, at *4 (E.D. Cal. July 16, 2025); *see also Chen v. Chestnut*, No. 1:25-cv-1338-EPG, 2025 WL 3496444, at *7-8 (E.D. Cal. Dec. 5, 2025); *Bui v. Warden of the Otay Mesa Det. Facility*, No. 25-cv-2111-JES-DEB, 2025 WL 2988356, at *4 (S.D. Cal. Oct. 23, 2025) (collecting cases); *Sphabmixay v. Noem*, No. 25-cv-2648-LL-VET, 2025 WL 3034071, at *2 (S.D. Cal. Oct. 30, 2025); *Lim v. Mullin*, No. 1:26-cv-2368-KES-EGC, 2026 WL 1284247, at *3 (E.D. Cal. May 11, 2026).

I recommend petitioner's immediate release from custody subject to the same order of supervision that governed his most recent release is warranted.

## Conclusion

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2.  Respondent be ordered to immediately release petitioner (A-Number: 200-147-838) from its custody on the same conditions as his prior release.

3.  Respondent be ENJOINED AND RESTRAINED from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including the requirements of 8 C.F.R. § 241.4(l).

4.  The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    July 9, 2026                                               

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE